1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TAREK F.,

        Plaintiff,

   v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.

Case No. 5:22-cv-894-GJS

**MEMORANDUM OPINION AND ORDER**

## I.     PROCEDURAL HISTORY

Plaintiff Tarek F.[1] filed a Complaint seeking review of the decision of the Commissioner of Social Security denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments.  The parties filed consents to proceed before a United States Magistrate Judge (ECF Nos. 12, 13) and briefs (ECF Nos. 19 ("Pl.'s Br."), and 22 ("Def.'s Br.")), addressing the disputed issue in the case.  The matter is now ready for decision.  For the reasons set forth below, the Court finds that this matter should

---

[1]   In the interest of privacy, this Order uses only the first name and last initial of the non-governmental party in this case.

be remanded for further proceedings.

## II.   ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for a period of disability and DIB on March 16, 2020, and an application for SSI on March 13, 2020, alleging disability commencing on February 14, 2020.  (ECF No. 16, Administrative Record ("AR") 15; *see also* AR 187, 189.)  Plaintiff's applications were denied at the initial level of review and on reconsideration.  (AR 15, 77, 78, 97, 98.)  A telephonic hearing was held before Administrative Law Judge Jeannine Lesperance ("the ALJ") on February 10, 2021.  (AR 15, 28-58.)

On May 13, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability.  (AR 15-23); see 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).  At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset date.  (AR 17.)  At step two, the ALJ determined that Plaintiff has the severe impairment of myotonic dystrophy type I.[2]  (AR 17.)  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix 1 of the Regulations.  (AR 18); see 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), except as follows:

> [H]e can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl; occasionally push, pull or operate . . . foot controls bilaterally; and never climb ladders, ropes or scaffolds or work at

[2]  Plaintiff describes this as "a multisystem disorder that affects skeletal and smooth muscle as well as the eye, heart, endocrine system, and central nervous system."  (Pl.'s Br. 5 n.2 (citing https://www.ncbi.nlm.nih.gov/books/NBK1165).)  It is characterized by progressive muscle wasting and weakness. https://medlineplus.gov (last visited March 27, 2023).

unprotected heights.

(AR 18.)  At step four, the ALJ determined that Plaintiff is not able to perform his past relevant work in the composite job of translator and teacher aide I, and in the jobs of retail sales clerk, department manager, and cashier/checker.  (AR 21, 53-54.)  At step five, based on the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including representative jobs such as a sealer, a telephone quote clerk, and an electronic assembler.  (AR 22-23.)  Based on these findings, the ALJ found Plaintiff not disabled through the date of the decision.  (AR 23.)

The Appeals Council denied review of the ALJ's decision on March 28, 2022.  (AR 1-5.)  This action followed.

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if:  (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards.  *See le v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  "Substantial evidence . . . is 'more than a mere scintilla.'  It means -- and only means -- 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "the evidence is susceptible to more than one rational interpretation."  *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."

1   *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  The Court will not reverse the

2   Commissioner's decision if it is based on harmless error, which exists if the error is

3   "inconsequential to the ultimate nondisability determination, or if despite the legal

4   error, the agency's path may reasonably be discerned."  *Brown-Hunter v. Colvin*, 806

5   F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

6

7                              **IV.   DISCUSSION**

8           Plaintiff raises the following issue challenging the ALJ's findings and

9   determination of non-disability:  the ALJ failed to properly evaluate Plaintiff's

10  subjective symptom testimony.  (Pl.'s Br. 5.)   As discussed below, the Court agrees

11  with Plaintiff and finds that remand is appropriate.

12

13  **A.     LEGAL STANDARD**

14          In evaluating a claimant's subjective symptom testimony, an ALJ must engage

15  in a two-step analysis.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir.

16  2007); 20 C.F.R. § 404.1529(c).  First, the ALJ must determine whether the claimant

17  has presented objective medical evidence of an underlying impairment which "could

18  reasonably be expected to produce the pain or other symptoms alleged."

19  *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th

20  Cir. 1991) (en banc)).  Second, if the claimant meets the first step and there is no

21  evidence of malingering, "the ALJ can reject the claimant's testimony about the

22  severity of her symptoms only by offering specific, clear and convincing reasons for

23  doing so."  *Id.* at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)

24  (internal quotation marks omitted)).  At the same time, the "ALJ is not required to

25  believe every allegation of disabling pain, or else disability benefits would be

26  available for the asking, a result plainly contrary to the Social Security Act."  *Smartt*

27  *v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (citation and internal quotation marks

28

                                           4

1   omitted).

2

3   **B.    ANALYSIS**

4   In the present case, the ALJ discounted Plaintiff's subjective complaints as

5   follows:

6   After careful consideration of the evidence, I find that [Plaintiff's]
   medically determinable impairment could reasonably be expected to
7   cause at least some of the alleged symptoms; however, [his] statements
   concerning the intensity, persistence and limiting effects of these
8   symptoms are not entirely consistent with the medical evidence and other
   evidence in the record for the reasons explained in this decision.  [¶]
9   [Plaintiff's] statements about the alleged intensity, persistence, and
   limiting effects of symptoms are inconsistent with the medical evidence
10  of record.  [He] alleged that muscle weakness with difficulty lifting,
   standing, walking, and sitting reduced his ability to perform work-related
11  activities.  The alleged intensity, persistence, and limiting effects of these
   symptoms, however, are inconsistent with the evidence in the case record,
12  as further discussed below.  Accordingly, the medical evidence of record
   does not support the level of symptomology that [Plaintiff] alleged and is
13  inconsistent with [his] statements concerning the alleged intensity,
   persistence, and limiting effects of symptoms.  [¶] [Plaintiff's statements
14  concerning the alleged intensity, persistence, and limiting effects of [his]
   symptoms on the ability to ambulate are inconsistent with the objective
15  medical evidence and the other evidence of record.

16

17  (AR 19.)  The ALJ then summarized a number of Plaintiff's medical records,

18  discussed her consideration of the persuasability and consistency of the

19  administrative findings at initial review and on reconsideration, and noted her RFC

20  findings relating to Plaintiff's limitations.  (AR 20.)  She concluded as follows:

21  In sum, the above residual functional capacity assessment in this finding
   is based on all of the relevant evidence in the record.  The relevant
22  medical evidence and other evidence in the case record only partially
   support [Plaintiff's] statements regarding the alleged intensity,
23  persistence, and limiting effects of symptoms.

24  (AR 20.)

25  Plaintiff generally contends that "[b]eyond a discussion of the objective

26  medical evidence, it does not appear that the ALJ actually offered any rationale to

27  reject [Plaintiff's] testimony."  (Pl.'s Br. 9 (citations omitted).)  He points out that the

28

ALJ also failed to connect any of Plaintiff's testimony to the parts of the record supporting her decision thereby preventing the Court from determining whether the decision was supported by substantial evidence. (Pl.'s Br. 9 (citations omitted).) He further contends that the ALJ's conclusory statement, without explanation, regarding the lack of consistency between Plaintiff's testimony and the "other evidence" also is not legally sufficient as it is too vague to permit the Court to conclude the ALJ did not arbitrarily discredit his testimony. (Pl.'s Br. 10 (citations omitted).)

Plaintiff argues that, in any event, the ALJ's discussion of the objective medical evidence supports Plaintiff's testimony. (Pl.'s Br. 11.) For instance, as the ALJ noted, Plaintiff has symptoms including moderate right foot drop; mild left foot drop; "mild persistent non-fatigable ptosis [drooping upper eyelid], moderate weakness with eye closure bilaterally, unable to bury eyelids, positive for air leak with cheek puff"; sensory motor testing at 2/5 for right knee extension, 2/5 bilaterally for ankle dorsiflexion, and 3/5 "extensor hallicus longus" on right; positive percussion myotonia of the thenar eminences (located on the radial portion of the hand at the base of the thumb); and progressive weakness in the hand and knee extensors.[3] (Pl.'s Br. 11 (citing AR 20, 302).)

Defendant responds that "the ALJ reasonably found that Plaintiff's testimony of greater limitations was not entirely consistent with the medical evidence and other evidence," and "identified several inconsistencies in the record that supported this conclusion." (Def's. Br. 6.) For instance, Defendant notes the following: (1) the ALJ found Plaintiff's allegations regarding difficulties walking, balance problems,

---

[3] Although Plaintiff notes that the ALJ did *not* articulate Plaintiff's "sporadic daily activities as reason to reject his testimony," he nevertheless discusses why those activities fail to demonstrate that he is capable of maintaining substantial gainful work activity. (Pl.'s Br. 12-13.) Because this was *not* a reason articulated by the ALJ for discounting Plaintiff's testimony, the Court declines to consider it. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

fatigue, and need for an assistive device to be inconsistent with provider reports that he had a normal gait and was active; (2) the objective clinical findings reflecting Plaintiff's strength as 2 out of 5 on right knee extension and ankle dorsiflexion on one examination, was inconsistent with other records showing "only mildly reduced strength,"[4] and "no more than moderate or mild foot drop"; and (3) the medical evidence of record was minimal.  (Def's. Br. 6 (citing AR 18, 19-20, 296, 298, 301-02, 305).)  Defendant suggests that despite the "meager evidence, the ALJ did not entirely reject Plaintiff's symptom allegations," and limited him to sedentary work with a number of limitations.  (Def's. Br. 7-8.)

The ALJ's reasons for discounting Plaintiff's testimony as described by Defendant serve only to emphasize the fact that the ALJ relied *solely* on the medical evidence of record to discount that testimony.  In fact, the ALJ simply restated her position -- that either Plaintiff's testimony was inconsistent and unsupported by the medical record, or that the medical record failed to support Plaintiff's testimony -- no fewer than six times, generally without tying his testimony to the record evidence.  Beyond that, the ALJ provided no other legally sufficient reason to discount Plaintiff's subjective symptom testimony.

Even assuming the ALJ's reasons for discounting Plaintiff's testimony based on their inconsistency with the medical evidence of evidence were specific, clear, and convincing, and supported by substantial evidence -- which the Court does not decide -- the lack of supporting medical evidence cannot "form the sole basis for discounting . . . testimony."  *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Bunnell*, 947 F.2d at 345 ("[O]nce the claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a claimant's

---

[4]   The ALJ specifically acknowledged, however, that the later examiner "noted that [Plaintiff's] weakness had progressed since he was last seen."  (AR 20.)  Indeed, as previously noted, myotonic dystrophy is characterized by progressive muscle wasting and weakness.  https://medlineplus.gov (last visited March 27, 2023).

1   subjective complaints based solely on a lack of objective medical evidence to fully

2   corroborate the alleged severity" of his impairment).

3        Where, as here, the ALJ fails to state legally sufficient reasons for discounting

4   a claimant's subjective complaints, a court ordinarily cannot properly affirm the

5   administrative decision. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884-85 (9th

6   Cir. 2006). The Court is unable to conclude that the ALJ's errors in evaluating

7   Plaintiff's subjective complaints were "harmless" or "inconsequential to the ultimate

8   non-disability determination." *Brown-Hunter*, 806 F.3d at 492.

9        Remand is warranted on this issue.

10

11              **V.    REMAND FOR FURTHER PROCEEDINGS**

12       As the circumstances of this case suggest that further administrative

13  proceedings could remedy the ALJ's errors, remand is appropriate. *See Dominguez*

14  *v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that

15  further administrative proceedings would serve no useful purpose, it may not remand

16  with a direction to provide benefits."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775

17  F.3d 1090, 1101, n.5 (9th Cir. 2014) (remand for further administrative proceedings

18  is the proper remedy "in all but the rarest cases"); *Harman v. Apfel*, 211 F.3d 1172,

19  1180-81 (9th Cir. 2000) (remand for further proceedings rather than for the

20  immediate payment of benefits is appropriate where there are "sufficient unanswered

21  questions in the record").

22

23              **VI.   CONCLUSION**

24       For all the foregoing reasons, **IT IS ORDERED** that:

25  (1) the decision of the Commissioner is **REVERSED** and this matter

26       **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further

27       administrative proceedings consistent with this Memorandum Opinion and

28

1    Order; and

2    (2) Judgment be entered in favor of Plaintiff.

3

4    **IT IS SO ORDERED.**

5

6    DATED:  March 27, 2023

7

8    _____

9    GAIL J. STANDISH
     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28